UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DE'ON MOODY ET AL.**                           **CIVIL ACTION**

**VERSUS**                                       **NO. 17-10290**

**ASSOCIATED WHOLESALE**                         **SECTION: "H"**
**GROCERS INC.**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Conditional Class Certification under the Fair Labor Standards Act ("FLSA") (Doc. 35) and Defendant's Motion to Strike Plaintiff's Declaration (Doc. 43). For the following reasons, Defendant's Motion is **DENIED**, and Plaintiff's Motion is **GRANTED**.

## BACKGROUND

This is a collective action for unpaid wages under the FLSA.[1] Defendant Associated Wholesale Grocers, Inc. ("AWG") is a national food wholesaler that operates a warehouse complex in Pearl River, Louisiana as part of its distribution network. Plaintiff De'on Moody began working for Defendant as a selector in 2006. In this position, his job duties included loading and unloading delivery trucks and repackaging delivery pallets. The position entitled him to

---

[1] *See* 29 U.S.C. § 201 *et. seq.*

compensation at an hourly rate. He regularly worked overtime hours and was compensated by Defendant accordingly.

In November 2012, Defendant promoted Plaintiff to a supervisor position. Defendant classified the supervisor position as exempt from the FLSA's overtime requirements, and Plaintiff was compensated with a salary. Plaintiff alleges that Defendant misclassified him because he in fact supervised no employees. Plaintiff further alleges that he regularly worked overtime and is entitled to payment for that work under the FLSA. In the Instant Motion, he seeks conditional class certification for "all individuals employed by [Defendant] from October 7, 2014 to the present, who held the position of supervisor in [Defendant's] Pearly River facility."[2] More than a dozen people have opted-in to Plaintiff's suit under the proposed collective action. Defendant opposes Plaintiff's Motion for conditional class certification.[3]

Defendant responded to Plaintiff's Motion with a Motion to Strike Plaintiff Moody's Declaration.[4] Plaintiff opposes.[5]

## LAW AND ANALYSIS

### I. Motion to Strike

Defendant seeks to strike Plaintiff Moody's declaration on the ground that his sworn deposition testimony contradicts statements in his declaration.[6] As an initial matter, Defendant improperly seeks to strike Moody's declaration under Federal Rule of Civil Procedure 12(f), which applies only to motions to

---

[2] Doc. 35 at 2.
[3] Doc. 42.
[4] Doc. 43. *See* Doc. 35-3 (Moody's declaration).
[5] Doc. 49.
[6] *See* Doc. 43.

strike pleadings.[7] Because Moody's declaration was attached to his Motion for Conditional Class Certification, it is not a "pleading," and Rule 12(f) does not apply.[8]

"District courts have considerable discretion to grant motions to strike, . . . [but] they are generally disfavored."[9] At the conditional class certification stage, many courts have held that plaintiffs "need not present evidence in a form admissible at trial," and declarations need not be struck as long as they are based on a plaintiff's personal knowledge.[10] Here, Defendant does not argue that Plaintiff Moody's declaration is not based on personal knowledge. Instead, Defendant challenges the declaration as contradictory to Moody's testimony in his deposition that was taken several months after his declaration was submitted. As such, this Court finds that Defendant's challenge to Moody's declaration goes more to the weight—rather than the admissibility—of the declaration, and such a challenge is better reserved for a later stage of litigation.[11] Therefore, Defendant's Motion to Strike is denied.

## II. Eastern District of Louisiana's Approach to Conditional Certification Requests under the FLSA

The FLSA allows for a plaintiff to bring a claim on his own behalf and on

---

[7] *See* FED. R. CIV. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added).

[8] *See* Doc. 35-3 (Moody's declaration); Alderoty v. Maxim Healthcare Servs., Inc., No. 14-2549, 2015 WL 5675527, at *3 (D. Md. Sept. 23, 2015) ("Here, the challenged declarations were attached to Plaintiffs' Motion for Conditional Class Certification, not their complaint, and therefore are not subject to a Rule 12(f) motion.").

[9] *Id.*

[10] Lee v. Metrocare Servs., 980 F. Supp. 2d 754, 762 (N.D. Tex. 2013) (collecting cases).

[11] *See* Lang v. DirecTV, Inc., No. 10-1085, 2011 WL 6934607, at *10 (E.D. La. Dec. 30, 2011) (Brown, J.) ("[T]o the extent that these declarations exhibit deficiencies, striking them is a harsh remedy that is not mandated here, particularly given the light burden Plaintiffs must meet on a motion for conditional certification. Rather, such questions go to the weight or credibility of the declarations—an inquiry more appropriate for a later stage in these proceedings.").

3

the behalf of others who are "similarly situated."[12] The FLSA does not define what it means for employees to be "similarly situated."

Courts have utilized two methods for determining whether plaintiffs are similarly situated, commonly referred to as the *Lusardi* approach and the *Shushan* approach.[13] The Fifth Circuit has not determined whether either approach is required.[14] The Eastern District of Louisiana, however, has consistently applied the approach first articulated in *Lusardi v. Werox Corp.*[15] This approach uses a two-step analysis. First, at the "notice stage," the court determines whether notice should be given to potential members of the collective action, "usually based only on the pleadings and any affidavits."[16] Because the court has little evidence at this stage, "this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[17]

Under *Lusardi*, although the standard for certification at the notice stage is lenient, courts generally require "at least substantial allegations that the FLSA Collective Class Members were together the victims of a single decision, policy, or plan" that is unlawful.[18] "Courts determining whether plaintiffs have submitted substantial allegations of a single plan have looked

---

[12] 29 U.S.C § 216.
[13] *Compare* Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990) *with* Lusardi v. Werox Corp., 118 F.R.D. 351 (D.N.J. 1987).
[14] *See* Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995) ("We find it unnecessary to decide which, if either, of the competing methodologies should be employed in making an ADEA class certification decision."), *overruled on other grounds by* Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 (2003).
[15] *See, e.g.*, Smith v. Offshore Specialty Fabricators, Inc. 2009 WL 2046159, at *2 (E.D. La. July 13, 2009); Xavier v. Belfor USA Group, Inc., 585 F. Supp. 2d 873, 876 (E.D. La. 2008); Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 559, 569 (E.D. La. 2008).
[16] *Mooney*, 54 F.3d at 1213–14.
[17] *Id*. at 1214.
[18] *Smith*, 2009 WL 2046159, at *2 (quoting H&R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

4

to 'whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread [unlawful] plan was submitted.'"[19] If the court grants conditional certification, the case proceeds as a collective action through discovery.[20] After discovery, the defendant may move for decertification.[21] At that point, the court makes a factual inquiry, with the benefit of considerably more information, as to whether the employees are similarly situated.[22]

Under the *Lusardi* approach, courts apply a three-factor test to determine whether plaintiffs and potential members of the collective action are similarly situated. The factors include: "(1) the extent to which the employment settings of employees are similar or disparate, (2) the extent to which any defenses that an employer might have are common or individuated; and (3) general fairness and procedural considerations."[23]

### III. Conditional Certification is Warranted

The FLSA requires employers to pay employees overtime for work in excess of 40 hours per week.[24] Employers, however, can exempt "executive" employees from being entitled to overtime pay.[25] Federal law sets forth certain job requirements an employee must possess to qualify as an executive—a supervisor—who employers may exempt from overtime pay under the FLSA.[26] Among the requirements are a "primary duty" of "management of the enterprise in which the employee is employed," "customarily and regularly direct[ing] the work of two or more other employees," and having "the authority

---

[19] *Id.*
[20] *Mooney*, 54 F.3d at 1213–14.
[21] *Id.*
[22] *Id.*; *Xavier*, 585 F. Supp. 2d at 878.
[23] *Johnson*, 561 F. Supp. 2d at 573.
[24] 29 U.S.C § 207.
[25] *Id.* § 213.
[26] *See* 29 C.F.R. § 541.100.

5

to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."[27]

Plaintiff Moody alleges in his Complaint that "Defendant developed and implemented a policy to misclassify as many employees as possible as salaried non-exempt employees regardless of their job duties to avoid incurring any overtime compensation obligations."[28] In his declaration, Moody swears that he regularly worked more than 40 hours a week for Defendant but was nonetheless denied overtime pay.[29] He further swears that he "did not supervise two or more employees," that he "did not have the authority to hire or fire employees," and that "[m]anagers ignored [his] complaints about co-workers who [he] believed should have been disciplined or terminated."[30] Opt-in Plaintiffs Roland Wilson, Keith Ingraham, and Scott Kinley swear to the same facts in their declarations.[31] Considering the lenient standard courts apply at this notice stage of the proceedings, Plaintiffs have submitted substantial allegations that they were together the victims of a single policy by Defendant to unlawfully misclassify workers as executives to avoid paying the employees overtime.[32]

### IV. Production of Contact Information

Counsel for Plaintiff and FLSA collective class members request that

---

[27] *Id.*
[28] Doc. 1 at 4.
[29] Doc. 35-3 at 1.
[30] *Id.* at 2.
[31] *See* Docs. 35-7 (Wilson's Declaration); 35-8 (Ingraham's Declaration; and 35-9 (Kinley's Declaration).
[32] *See, e.g.*, Escobar v. Ramelli Grp., L.L.C., No. 16-15848, 2017 WL 3024741, at *3 (E.D. La. July 17, 2017) (relying on six affidavits containing allegations similar to the plaintiff's to support granting conditional class certification); *Lang*, 2011 WL 6934607, at *8 (relying on affidavits "suggesting that individuals desire to opt-in to this suit" to support granting conditional class certification).

this Court order Defendant to provide in electronic form the full names, last known addresses, e-mail addresses, and phone numbers—including cell phone numbers—for current and former employees fitting the description of the conditionally certified class. "[T]he production of addresses and e-mail addresses is common practice," and so is the production of phone numbers.[33] Accordingly, Defendant must produce them.

Plaintiff also requests approval to send text messages to potential class members. This Court has given approval to contact potential class members by text message before, and it does so again here.[34] Finally, Plaintiff requests that the approved contact information be sent to them within 14 days of this Court's Order. "Courts in the Fifth Circuit have approved of a fourteen-day time period," and Defendant has not opposed the proposed time period.[35] Accordingly, Defendant must provide the approved contact information to Plaintiff's counsel within 14 days.

## V. Judicial Notice and Length of the Opt-in Period

Plaintiff has submitted a proposed notice and consent form to send to the potential class members.[36] Defendant objects to the proposed form on multiple grounds: that (1) it "does not adequately and completely inform the potential opt-in plaintiffs of the effect of joining the case;" (2) it fails to inform them of potential financial consequences of losing the suit; (3) the proposed 60-day opt-in period is too long; and (4) it should include a prohibition on solicitation.[37] Defendant requests time for the parties to discuss the proposed notice and

---

[33] *Escobar*, 2017 WL 3024741, at *3 (citing White v. Integrated Tech., Inc., 2013 WL 2903070 at *9 (E.D. La. June 13, 2013) (Morgan, J.)).
[34] *Id.*
[35] *Id.* (citing Senegal v. Fairfield Industries, Inc., 2017 WL 1134153 at *9 (S.D. Tex. March 27, 2017)).
[36] *See* Docs. 35-10 (notice form); 35-11 (consent form).
[37] Doc. 42 at 24.

7

submit to the court a joint proposed notice form.[38] The Court recognizes Defendant's concerns. As such, the parties shall have 30 days to confer and submit to the Court a joint proposed notice form to send to potential opt-in plaintiffs.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. It is ordered that Plaintiff's Complaint is conditionally certified to proceed as a collective action under the FLSA, defining the following class of people: "All individuals employed by AWG from October 7, 2014 to the present, who held the position of supervisor in AWG's Pearly River facility." It is further ordered that Defendant shall provide Plaintiff in electronic form the names, last known addresses, e-mail addresses, and telephone numbers of potential collective action plaintiffs within 14 days of the filing of this Order. Finally, the parties shall submit within 30 days of this Order a joint proposed notice form that includes a proposed length for an opt-in period.

New Orleans, Louisiana this 11th day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[38] *See id.*