UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'ON MOODY, *on behalf of himself and all other similarly situated* | CIVIL ACTION |
| VERSUS | NO. 17-10290 |
| ASSOCIATED WHOLESALE GROCERS, INC. | SECTION: "H" (4) |

LAW CLERK:        Destinee Andrews
COURT REPORTER:   Toni Tusa

Appearances:    **Dale Edward Williams** for Plaintiffs.
                **MaryJo L. Roberts** for Defendant.

## ORDER

Before the Court is **Defendant's Motion to Quash and For Protective Order Prohibiting the Deposition of President and CEO, David Smith (R. Doc. 90)**, originally set for submission on August 28, 2019. As Plaintiffs have unilaterally noticed the deposition of President and CEO of Associated Wholesale Grocers Inc. David Smith for Monday, August 19, 2019, and, as this date precedes Defendant's motion's submission date, Defendant sought expedited consideration, which this Court subsequently granted (R. Doc. 92). On August 15, 2019, at 11:30 a.m. this Court held oral argument on Defendant's motion via telephonic communications.

Plaintiff De'on Moody filed this suit, as a collective action, in the United States District Court on October 7, 2017, under the Fair Labor Standards Act ("FLSA") alleging, *inter alia*, that

**MJSTAR: 00:20**

his former employer, Associated Wholesale Grocers, Inc. ("AWG"), misclassified supervisory or managerial employees at AWG's Pearl River facility as exempt and failed to pay them due overtime compensation and damages. R. Doc. 1. Since that time, seventeen (17) additional former AWG supervisors have opted-in to the litigation. During the course and scope of discovery, parties took the depositions of many of the opt-in class members, to include the deposition of Jeffrey Tait, which took place on July 26, 2019. R. Doc. 90-1, p. 2.

Specifically, in that deposition, Tait testified that in late 2013 or early 2014 he had an in-person conversation with President and CEO David Smith as to the working conditions. *Id.* Tait had this conversation with David Smith and in the presence of Human Resource Manager Floyd Baker to "express concern about the amount of hours that we [Mr. Tait] were working as supervisors" and to "complain[] about the amount of hours we worked when you transition it to breaking it down to an hourly pay rate, that it wasn't fair." R. Doc. 90, p. 2-3. At the hearing, Plaintiffs submitted to the Court that David Smith lived in Louisiana at the time of this conversation and he was Senior Vice President and Division Manager of the Pearl River Facility, and not the President and CEO.

Defendant states this deposition is unfounded where Tait did not explicitly discuss with Smith any allegations of misclassification as an exempt employee or any belief that he should not have been paid on a salary basis, and Mr. Smith has already provided a sworn declaration stating the same. R. Doc. 90-1, p. 5. Defendant now seeks to quash the subpoena pursuant to the Apex Doctrine, or, in the alternative, requests the Court enter a protective order to severely limit the deposition in form, time, and scope. R. Doc. 90-1, p. 1 & 5.

Specifically, Defendant states that before deposing high-ranking executives, Courts should first consider whether the information could be obtained from a lower-level employee or through less burdensome means such as written interrogatories, and Plaintiffs have neither tried to depose lower level employee Mr. Baker, also present at the meeting, nor attempted to propound written interrogatories to Mr. Smith or Mr. Baker. *Pan American Life Ins. Co. v. Louisiana Acquisitions Corp.*, No. 13-5027, 2015 WL 4168435 (Knowles, D.) (E.D. La. July 9, 2015). To this, the Court disagrees.

The Court is of the opinion that crewmen on a loading dock would not present their complaints using legal jargon and terms of art such as "exempt employee misclassification." Therefore, any argument Defendant makes as to the nonrelevance of Tait and Smith's conversation is without merit.

The Court next notes, the Apex Doctrine is not strictly applied in the Fifth Circuit. *Id.* at *4. In quashing the deposition, the Court in *Pan American* explained the only proffered proof of the high-ranking executive's personal, superior, or unique knowledge was an email to show the high-ranking official's participation of the sale in dispute. *Id.* at *2. Here, the situation is far different, the employees, joined in this class, had a personal conversation with Smith in his capacity as manager of the Pearl River Facility, where he was in charge and where they worked, to discuss what they believed to be unfair pay. This sufficiently demonstrates Mr. Smith's firsthand and personal knowledge. Moreover, the fact that at some point thereafter he was promoted to the position of President and CEO, this Court consider unique knowledge.

Based on this knowledge, this Court finds that there are potentially relevant topics of deposition based on his former role of Senior Vice President and Division Manager of the Pearl River Facility, as well as his current role as President and CEO with actual foreknowledge of policies and practices instituted at the Pearl River Facility. As such, the Court denies Defendant's request to quash the deposition upon oral examination of Defendant Associated Wholesale Grocers, Inc. President and CEO David Smith.

The Court, however, remains persuaded by Defendant's request for a protective order to limit the scope of the deposition topics. This Court does not permit blanket depositions of high-ranking business officials. *In Matter of Tara Crosby, LLC*, No. 17-05391, 2018 WL 3045799 at *4 (Roby, K.) (E.D. La. 2018). R. Doc. 90-1, p. 7. As such, this Court grants Defendant's request for a protective order to limit the time, scope and duration of the deposition, and orders Plaintiffs to submit to this Court, for *in camera* review of relevancy, the list of topics on which they wish to depose David Smith. Plaintiffs are to provide the Court with the list of deposition topics no later than the end of the business day today, Thursday, August 15, 2019, at 5:00 p.m.

Furthermore, as the conduct in question took place in Louisiana, this Court declines to order the deposition take place in Kansas City, Kansas. As explained previously, at the hearing, Plaintiffs made the Court aware of the fact that at the time of this conversation, not only was David Smith Senior Vice President and Division Manager of the Pearl River Facility, but he lived in Louisiana. The Court is more inclined to allow a deposition take place where the conduct at issue occurred, but for now will not command that in hope the parties can come to an agreement among

4

themselves. As such, the Court denies Defendant's request for a protective order to impose a limit as to the preferred location of the deposition.

In light of this order, the Court requests the parties reset the deposition to a date prior to the pretrial date and without regard to the July 31, 2019 discovery deadline imposed in the Scheduling Order (R. Doc. 60). The Court remains expectant that parties can reschedule the deposition for a date amenable to all parties, and considerate of President and CEO David Smith's current schedule, duties, and obligations. The parties are to correspond with the Court no later than tomorrow, Friday, August 16, 2019, at 10:00 a.m. to apprise the Court of the specific details of the re-noticed deposition. If the parties are unable to reach a compromise at that time, the Court will provide dates, times, and a location for the deposition.

**Accordingly**,

**IT IS ORDERED** that **Defendant's Motion to Quash and For Protective Order Prohibiting the Deposition of President and CEO, David Smith (R. Doc. 90)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent it seeks a protective order on the time, scope and duration of the deposition.

**IT IS FURTHER ORDERED** that Plaintiffs provide to the Court a list of deposition topics **no later than today, Thursday, August 15, 2019, at 5:00 p.m**.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent it seeks an order from this Court quashing the deposition and to the extent that it seeks the Court impose limitation on the location of the deposition.

**IT IS FURTHER ORDERED** in light of today's ruling that parties reschedule the deposition currently noticed for Monday, August 19, 2019, to any date prior to the scheduled pretrial conference, and parties provide to the Court the details of the renotice deposition **no later than tomorrow, Friday, August 16, 2019, at 10:00 a.m.**

New Orleans, Louisiana, this 15th day of August 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**