UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DE'ON MOODY | CIVIL ACTION |
| VERSUS | NO: 17-10290 |
| ASSOCIATED WHOLESALE GROCERS, INC. | SECTION: "H" (4) |

## ORDER

Before the Court is **Defendant's Motion for Attorney's Fees (R. Doc. 98)** filed by Defendant Associated Wholesale Grocers, Inc. ("AWG"), seeking an order from the Court to fix attorneys' fees in the amount of $1,953.00. The motion is unopposed. The motion was submitted on September 25, 2019.

## I. Background

On August 30, 2019, the Court granted Defendant's Motion to Compel Discovery (R. Doc. 87) as unopposed. Defendant now seeks an order awarding attorney's fees for having to obtain an order compelling the Opt-In Plaintiffs to respond to discovery requests pursuant to Federal Rule of Civil Procedure 37. The matter is an action by 18 current and former employees of Defendant Associated Wholesale Grocers who were employed as supervisors and treated as exempt employees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Since the filing of this instant motion, the District Judge has decertified the action dismissing all Opt-In Plaintiffs without prejudice. R. Doc. 128.

As to this instant action, Defendant seeks an award of attorney's fees for Defendant's enrolled counsel of records, Attorney Eric R. Miller. R. Doc. 98. Specifically, Defendant seeks a total of $1,953.00 for 6.20 reasonably expended hours pursuing its Motion to Compel. R. Doc. 98-

2, p. 3. No opposition has been filed contesting the reasonableness of the hours expended or the reasonableness of the attorney's rate.

## II.  Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the *Lodestar*. *Id.* However, the *Lodestar* is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

---

[1]  The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

**III.     Reasonable Hourly Rate**

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987).

Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Defendants seek to recover the attorney's fees for Attorney Eric R. Miller with The Kullman Firm, ALPC at an hourly rate of $315.00. Miller has provided an affadvit attesting that he has practiced almost exclusively in the area of labor and employment law since his graduation from LSU Law School in 1990. R. Doc. 98-2. Miller is licensed in Louisiana, since 1992, and Texas, since 1990. *Id.* Miller is also Board Certified in Labor and Employment Law by the Texas Board of Legal Specializations since 1996. *Id.* In addition, Miller represents that he is a regular

speaker at labor and employment seminars and that he has authored various papers, articles, and legal surveys on various labor law and employment topics. *Id.*

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

In support of this request, Defendant cites to, *inter alia*, *Soonhee Kim v. Ferdinand*, No. CV 17-16180, 2018 WL 1635795, at *4 (E.D. La. Apr. 5, 2018) (finding attorneys' rates, ranging from $355.00 to $550.00, reasonable), *Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, No. CV 15-5265, 2017 WL 736044, at *2 (E.D. La. Feb. 24, 2017), *aff'd sub nom. Mr. Mudbug, Inc. v. Bloomin Brands, Inc.*, No. CV 15-05265, 2017 WL 2274954 (E.D. La. May 25, 2017) (finding hour rate of $300 for attorney with 17 years of experience reasonable), and *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, No. CIV.A. 10-4151, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) (finding that hourly rates of $325, $275, and $225 for attorneys with 19, 7, and 4 years of experience, respectively, reasonable).

Given Attorney Miller's qualifications and nearly thirty (30) years of experience, and as the hourly rate of Attorney Miller was not contested by Plaintiffs, the rate of the billing attorney is deemed reasonable. *See Powell v. C.I.R.*, 891 F.2d 1167.

## IV. Hours Reasonably Spent on Litigation

Next, the Court must determine the reasonable time expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all-time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

When the motion for attorney's fees is in connection to a Rule 37(a) motion to compel, the reasonable hours are further limited to only those hours directly connected to the motion to compel. *Stagner v. W. Kentucky Navigation, Inc.*, No. CIV.A. 02-1418, 2004 WL 253453, at *6 (Roby, K.) (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

The Court, as an initial matter, notes that Attorney Miller states that he has exercised billing judgment. R. Doc. 98-1, p. 6 and R. Doc. 98-2, p. 2 (Miller noting that he expended 5.8 hours for

5

the benefit of AWG). In sum, Miller attests that he spent a total 6.2 reasonable hours on the motion to compel. The Court will proceed with determining the reasonableness of the hours billed.

First, the Court notes that Local Rule 54.2 requires contemporaneous billing records. LR 54.2. The Fifth Circuit has consistently held the Court may "reduce the number of hours awarded if the documentation is vague or incomplete." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (finding ten percent reduction appropriate for inadequate documentation of the hours and fees requested) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 931 (5th Cir.), *opinion vacated in part on reh'g on other grounds*, 903 F.2d 352 (5th Cir. 1990) (finding no error in reducing total time by percentage when billing hours were based on reconstructed time records) and *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (reducing where the documentation and recordkeeping of hours is inadequate, and attorney simply purports to have exercise billing judgment).

Here, while Attorney Miller submitted daily time records, Miller altered the time records before submitting them to the Court and deleted 5.8 hours from his time entries. A contemporaneous time record reflects those records "living, occurring, or existing at the same time" and not breakdown records altered after the fact. *See* Contemporaneous, *Black's Law Dictionary* (11th ed. 2019). While Attorney Miller states that he exercised billing judgment, it is difficult for the Court to make an assessment and verify that claim when Defendant only provides the Court with an excerpt of the billing records. Defendant's Motion to Compel (R. Doc. 87) is two (2) pages in length and Defendant's corresponding memorandum in support is three and a half (3.5) pages in length with minimal law and legal analysis. Still, because of the detailed nature of the excerpted portion of the billing records, the Court gives Defendant the benefit of the doubt.

Next, the Court notes the entry made on July 16, 2019 for 0.8 hours. R. Doc. 98-2, p. 2. Miller attests during this time he "[d]eveloped deposition and discovery strategy based on opposing counsel's failure to respond to repeated requests." *Id.* "While Rule 37(b) allows a court to assess sanctions against a party for failure to obey an order compelling the party to provide or permit discovery, Rule 37(a) only allows a court to award fees and expenses incurred in securing the order compelling discovery." *Stagner v. W. Kentucky Navigation, Inc.*, No. CIV.A. 02-1418, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004) (citing *American Hangar, Inc. v. Basic Line, Inc.* 105 F.R.D. 173, 175-76 (D.Mass.1985) (Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute)).

Irrespective of whether the Opt-In Plaintiffs provided discovery responses, Defendant would have needed to develop a deposition and discovery strategy based on those responses, or, as in this case, nonresponses. That the development of Defendant's deposition and discovery strategy had to be modified due to the Opt-In Plaintiffs' nonresponse is an expense more related to the underlying discovery dispute, and not an expense directly related to Defendant's bringing the motion to compel. As such, Rule 37(a) does not allow the Court to award Attorney Miller this fee. The Court, accordingly, will deduct 0.8 hours from Defendant's total resulting in 5.4 reasonable hours expended.

Finally, the Court notes the entry made on July 29, 2019 for 0.4 hours. R. Doc. 98-2, p. 3. Miller attests during this time he "[d]rafted motion to expedite motion to compel written discovery." In addition, the entry made on August 9, 2019 included the allocation of time to "revise and finalize motion to expedite." While Defendant filed its *Ex-Parte* Motion to Expedite Hearing on its Motion to Compel (R. Doc. 88) on August 9, 2019, on August 15, 2019, before the Court

made a ruling as to Defendant's motion to expedite, Defendant's sought the motion be withdrawn. R. Doc. 93.

Rule 37(a) specifically provides that "[i]f the motion is _granted_" the Court should assess reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. Pro. 37(a)(5)(A) (emphasis added). Here, Defendant's motion to expedite was never granted; Defendant's withdrew the motion before the Court had the opportunity to review the merits of such. As a result, the Court subsequently _denied_ Defendant's Motion to Expedite Hearing on Its Motion to Compel (R. Doc. 88) as moot. The Court cannot grant an award of attorney's fees for unsuccessful claims. *See Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 700 (E.D. La. 2009) ("to arrive at a reasonable fee award" the Court should "eliminat[e] certain hours related to unsuccessful claims or by reducing the fee award to account for plaintiffs' limited success."). The Court, accordingly, will deduct 0.4 hours for the July 29, 2019 entry and 0.125 hours for the August 9, 2019 entry, resulting in 4.875 reasonable hours expended.

## V. *Lodestar* Calculation

Given the foregoing reasonable rate and hours, the Court calculates the following *Lodestar* amount for Attorney Miller as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---|---|---|
| Eric R. Miller | $315.00 | 4.875 | $1,535.63 |
| | | **Total:** | $1,535.63 |

The total *Lodestar* amount then is **$1,535.63**

## VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for

enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). In such, the entry made on August 9, 2019 Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VII. Responsibility for Payment

Rule 37 provides that the Court must assess the payment of reasonable expenses incurred in making the motion on "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both." Fed. R. Civ. Pro. 37(a)(5)(A). Rule 37 carries with it the inherent duty of the Court to ascertain who is at fault for the discovery misconduct. *See S. U.S. Trade Ass'n v. Unidentified Parties*, No. CIV.A. 10-1669, 2012 WL 262560, at *3 (Roby, K) (E.D. La. Jan. 30, 2012) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981) (reviewing record for fault where named plaintiffs in the suit seek to avoid liability by shift blame for motion to compel to their attorneys)).

Here, the Court has reviewed the records extensively and has ascertained that the Opt-In Plaintiffs enrolled counsel of record, Chad A. Danenhower and Dale Edward Williams, necessitated the motion. Even since the filing of this motion, the Court has extensively dealt with the attorney's failure to provide response to the requested discovery in the matter they initiated.

9

*See* R. Doc. 100, Motion for Sanctions. In fact, in a supplemental memorandum explaining their failure to the Court, Chad A. Danenhower details improper intake procedure. *See* R. Doc. 127.

For instances, for one of the Opt-In Plaintiffs of issue, Rogest Montegue, Danenhower suggests he only ever received communication from Monetgue via an SMS email with an already completed Opt-In Form. R. Doc. 127, p. 2. Review of this document shows absolutely no client information was obtained by Danenhower. R. Doc. 74. With this single, transitory means of communication, the Court has no doubt as to why communication between the Opt-In Plaintiffs disintegrated. A simple internet search demonstrates that standard law firm intake procedure includes obtaining a full name, social security number, residential and employment addresses, and driver's license number.[2] There are ethical obligations on attorneys to obtain this information to stay in contact with their clients and so to be able to communicate necessary information such as case status, fee agreements, *pending discovery requests and motions*, etc.

In consideration of this, while Defendant seeks an order assessing the fees on Opt-In Plaintiffs Albert Troyani, Antonio Robinson, Dana Womack, Darryl Brandon Taylor, Jeffrey Tait, Jermaine Bell, Keith Ingraham, Kurt Bookhardt, Paul Weathersby, Roland Wilson, Ronald Stout, Scott Kinley, Tanya Corwin, Ward Gonzalez, William Bobbitt, and Rogest Montegue, the Court is of the opinion that the failure to respond to discovery is due to the failure of counsel to take adequate contact information during the file intake process. Accordingly, the Court shall order counsel for the Opt-In Plaintiffs, Chad A. Danenhower and Dale Edward Williams, to satisfy this obligation.

## VIII. Conclusion

Accordingly,

---

[2] *See, e.g.*, https://practice.findlaw.com/how-to-start-a-law-firm/how-to-perform-solo-and-small-law-firm-client-intake.html

**IT IS ORDERED** that the **Defendant's Motion for Attorney's Fees (R. Doc. 98)** is **GRANTED.** Defendant is awarded reasonable attorneys' fees and expenses in the amount of **$1,535.63**.

**IT IS FURTHER ORDERED** that Counsel for the Opt-In Plaintiffs, Chad A. Danenhower and Dale Edward Williams, shall satisfy its obligation to Defendants no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 6th day of December 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**