UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DE'ON MOODY ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10290** |
| **ASSOCIATED WHOLESALE GROCERS, INC.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Partial Summary Judgment on the issue of Willfulness (R. Doc. 134). For the following reasons, Defendant's Motion is **DENIED**.

## BACKGROUND

This is an action for unpaid wages under the Fair Labor Standards Act ("FLSA").[1] Defendant Associated Wholesale Grocers, Inc. ("AWG") is a national food wholesaler that operates a warehouse complex in Pearl River, Louisiana as part of its distribution network. Plaintiff De'on Moody ("Moody") worked for AWG as a salary-earning supervisor from 2012–2016. In 2017, Moody brought this action against AWG, alleging that AWG misclassified him as an employee exempt from overtime under the FLSA. This Court originally granted Moody's motion to conditionally certify a class of similarly situated individuals but later

---

[1] *See* 29 U.S.C. § 201 *et. seq*.

decertified the collective action on November 14, 2019 and dismissed the claims of all opt-in plaintiffs without prejudice. On November 26, 2019, the opt-in plaintiffs filed a separate suit asserting the same cause of action against AWG.[2]

AWG currently seeks partial summary judgment, alleging that both Moody and the opt-in plaintiffs have failed to prove that AWG's misclassification of employees was a "willful" violation of the FLSA. As to Moody, AWG asks that any damages award this Court may render be limited to those Moody incurred in the two years before Moody filed suit.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[4] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[2] *See* Complaint, Bookhardt et al v. Assoc. Wholesale Grocers, Inc., No. 19-13894 (E.D. La. 2019).
[3] FED. R. CIV. P. 56.
[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[5] *Id.* at 248.
[6] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[9] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

A cause of action for unpaid overtime compensation under the FLSA is subject to a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."[12] An employee invoking a three-year statute of limitations has the burden of demonstrating willfulness.[13] An employer is

---

[7] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[9] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[12] 29 U.S.C. § 255(a).
[13] Mohammadi v. Nwabuisi, 605 F. App'x 329, 332 (5th Cir. 2015). The employer, however, "has the burden of demonstrating good faith and reasonableness to avoid assessment of liquidated damages." *Id*.

willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[14] This standard requires more than "[m]ere knowledge of the FLSA and its potential applicability . . . [or] conduct that is merely negligent or unreasonable."[15] Examples of willfulness include situations where employers "know their pay structures violate the FLSA or ignore complaints brought to their attention."[16] As "willfulness is a question of fact, summary judgment in favor of the employer is inappropriate if the plaintiff has introduced evidence sufficient to support a finding of willfulness."[17]

As evidence of AWG's willfulness, Moody primarily relies on the deposition testimony of former salaried employees who testified that they made several complaints to multiple levels of AWG management during their employ. AWG argues that the employees' "vague" complaints "to management about the hours they worked and pay [they] received" are insufficient to prove that AWG acted willfully.[18] AWG contends that Fifth Circuit precedent precludes a finding of willfulness because there is no evidence that AWG knew its practice was unlawful under the FLSA and because no governmental agency formally noticed AWG of a potential FLSA violation. Although Defendant is correct that the Fifth Circuit has upheld such evidence as

---

[14] McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988) (re-emphasizing adherence to the standard articulated in Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125–130 (1985)).

[15] Zannikos v. Oil Inspections (U.S.A.), Inc., 605 F. App'x 349, 360 (5th Cir. 2015). *See also Mohammadi*, 605 F. App'x at 332 ("For example, an employer that "act[s] without a reasonable basis for believing that it was complying with the [FLSA]" is merely negligent, as is an employer that, without prior notice of an alleged violation, fails to seek legal advice regarding its payment practices" (quoting *Richland Shoe*, 485 U.S. at 132–33) (internal citations omitted)).

[16] *Id.* (citing Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ., 579 F.3d 546, 553 (5th Cir. 2009).

[17] *Ikossi-Anastasiou*, 579 F.3d at 552.

[18] Doc. 134-1 at 13 (internal quotations omitted).

4

sufficient to support a finding of willfulness,[19] this Court disagrees that such a showing is requisite to preclude summary judgment in Moody's favor.[20]

Rather, this Court finds that Moody has demonstrated a genuine issue of material fact as to whether AWG was on notice of a potential FLSA violation.[21] Among the many alleged employee complaints, Jeffrey Tait testified that he forwarded a multitude of complaints to several levels of management and participated in a ten to fifteen minute sit-down meeting with David Smith, the now-CEO of AWG, and AWG's Human Resources Manager, Floyd Baker.[22] Antonio Robinson testified that if he did not accept the promotion to a salaried position, AWG would preclude him from working overtime as an hourly employee.[23] Additionally, Drexell Ziegler testified that he specifically complained to management that he should be paid differently "under the law"[24] because he was working more hours, paid less, and "doing

---

[19] *See, e.g.,* Reich v. Bay, Inc., 23 F.3d 110, 116 (5th Cir. 1994) (affirming a finding of willfulness when the employer was contacted by the local Wage and Hour office and informed that his payment practices violated the FLSA); Singer v. City of Waco, Tex., 324 F.3d 813, 821 (5th Cir. 2003) (upholding a jury's finding of willfulness when the plaintiffs "presented testimony suggesting the City knew its method of paying the fire fighters violated the FLSA").

[20] *See, e.g.*, *Ikossi-Anastasiou*, 579 F.3d at 552 (finding Ikossi's complaints insufficient to defeat a claim for summary judgment when she could not prove that "LSU actually knew that the pay structure violated the FLSA, or that LSU *ignored or failed to investigate* Ikossi's complaints" (emphasis added)). *See also* Bush v. Kadirnet, LLC, No. 1:18-CV-1024-RP, 2020 WL 824106, at *5 (W.D. Tex. Feb. 19, 2020) (finding that a genuine issue of fact precluded summary judgment where plaintiff contended he complained to his supervisors on multiple occasions and the employer characterized those complaints "as having merely been about his desire to make more money"); Lagos v. Cogent Commc'ns, Inc., No. CV H-11-4523, 2014 WL 12776418, at *12 (S.D. Tex. Mar. 12, 2014) (denying the defendant's motion for summary judgment because there was "some evidence that Defendant was aware its sales practice differed from other companies and that at least one Plaintiff complained about his classification as exempt based on the differing sales practice").

[21] *See Mohammadi*, 605 F. App'x at 333 ("Viewing the evidence in the requisite light most favorable to Resource, whether the action put Resource on notice [of the FLSA violation] is a genuinely disputed material fact.").

[22] Doc. 140-2 at 15.

[23] Doc. 140-22 at 9–10.

[24] Doc. 152-17 at 20–21.

the same work" as the hourly employees.[25] AWG disputes the nature and existence of many of the employees' alleged complaints. Viewing the evidence in a light most favorable to Moody, this Court finds that there is a genuine issue of material fact as to whether AWG acted with "reckless disregard" for the FLSA.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment (Doc. 134) is **DENIED**.

New Orleans, Louisiana this 25th day of September, 2020.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Id.* at 5, 20–26.